# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., A NATIONAL ASSOCIATION,<br>Appellant,<br>vs.<br>7229 MILLERBIRD STREET TRUST, A NEVADA TRUST,<br>Respondent. | No. 69203 |

FILED

NOV 7 0 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; James Crockett, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse the judgment and remand for further proceedings.

The record demonstrates that appellant Bank of America's agent tendered $351 to the HOA's agent, which undisputedly represented 9 months of assessments. *See Bank of America, N.A. v. SFR Investments Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113, 117 (2018) (stating that, as explained in prior decisions, "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense] assessments"). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Id* at 118-121.

Respondent contends that the HOA agent's belief that collection costs were part of the superpriority portion of the lien constituted a good-

18- 905127

faith basis for rejecting the tender. Even if such a belief would provide a good-faith basis to reject the tender, the record contains no evidence indicating that this was the basis for the rejection; instead, the only evidence in the record suggests that the tender was rejected because Bank of America did not pay the entire outstanding balance. Additionally, although respondent contends that Bank of America's tender was ineffective because it imposed conditions and that respondent is protected as a bona fide purchaser, we recently rejected similar arguments.[1] *Id.* at 118, 121. In light of the foregoing, respondent took title to the property subject to Bank of America's deed of trust. We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____Pickering_____, J.
Pickering

_____Gibbons_____, J.
Gibbons

_____Hardesty_____, J.
Hardesty

---

[1]Respondent has not identified any condition that Bank of America was not legally entitled to impose. We are not persuaded by respondent's argument that the letter accompanying the check contained conditions purporting to absolve Bank of America of any future liability that it may have to the HOA. The letter refers to "the facts stated herein," which can only be reasonably construed as contemplating the underlying foreclosure proceeding and not a future scenario in which Bank of America might again need to cure a default to avoid foreclosure.

cc:    Hon. James Crockett, District Judge
        Akerman LLP/Las Vegas
        Ayon Law, PLLC
        Eighth District Court Clerk